Mr. Justice Walker delivered the opinion of the Court. The only defect in the writ, which we deem it necessary to notice, is its date. It appears to have been dated 22d November, 1849, whilst it is made returnable to the April term, 1849, at which time judgment was rendered quashing it. That the date, at which the writ purports to have been issued is not its true date, is very clear; it is the result doubtless of clerical misprision. The writ appears to have been received by the sheriff on the 22d November, 1848, and executed on the 22d December, 1848, as is shown by the return and endorsements of the sheriff on the writ. The writ, therefore, could not have issued on the 22d November, 1849. The date affixed to the writ is only,prima facie evidence of the time when it issued, and where there is no date or an impossible date to the writ, other evidence may be adduced to show when the writ did truly issue. Such evidence was decided by this Court to be admissible in the case of McLarren & wife vs. Thurman, (2 Eng. 213.) See, also, Allen vs. Smith, (7 Halst. 159.) “A writ is no more void because it is not sealed than a bond or deed would be. It is the issuance of the writ which gives it effect, and this may be proven by parol evidence or by the official endorsement of the sheriff of the time it came to hand or was executed. Thus, in the case of Clerry vs. Woolen d, (1 Iredell 438,) where a clerk issued an execution tested on the 5th Monday after the 4th Monday in September, in the year of our Lord, 1833, and in the year of the independence 57, and endorsed thereon that the execution actually issued on the 5th February, 1833, and the coroner also endorsed that it was levied on the 21st February, 1833: held, that the Court would see that the date of the writ as to the Christian era was a misprision of the clerk, and would correct it accordingly.” And where a sheriff has endorsed on an execution the day and hour when it was received, such endorsement is conclusive that the writ was in his hands at the time, and no proof of the identity of such writ is necessary. Williams vs. Lownds, 1 Hall. 579. According to these authorities, the Court in this case had sufficient evidence, by the endorsements made and certified by an officer whose official duty it was to receive the writ and make such endorsement, that the writ issued and tyas duly served in time for trial at the return term. The defect was clearly amendable, and the writ itself furnishing abundant evidence of a time when it was legally issued, it was in our opinion the duty of the Court to have overruled the defendant’s motion to quash. Our statute of Amendment is very liberal, providing for almost every defect or imperfection which may exist, except in a very few instances, where the writ is absolutely void; and it is to be regretted that this statute is not brought into more general use in practice. The judgment of the Fulton Circuit Court is reversed, and the cause remanded, to be proceeded in according to law.